UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL DWAYNE BERGERON, et al.,

                Plaintiffs,

    v.                            Case No. 13-11771

ROBERT COLE, et al.,            HON. TERRENCE G. BERG
                              HON. PAUL J. KOMIVES

                Defendants.
_____/

# ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR DISCOVERY

Now before the Court is Defendants' September 17, 2013 motion to dismiss (Dkt. 11). Having reviewed the motion and the remainder of the record, the Court finds that these documents adequately present the issues now before the Court, and that oral argument would not aid the decision. Accordingly, the Court will decide the motion without a hearing. E.D. Mich. LR 7.1(f)(2).

Plaintiffs have also moved for discovery and disclosure. (Dkt. 10.)

For the reasons set forth below, the Defendants' motion to dismiss (Dkt. 11) is GRANTED, and Plaintiffs' motion for discovery (Dkt. 10) is DENIED as moot.

## I.   BACKGROUND

On March 21, 2013, Plaintiffs filed their pro se complaint in Michigan's 7th Circuit Court, Genesee County, against Defendants, who are all employees of Genesee County 911, Argentine Township, or the Argentine Township Police Department. (Dkt. 1 at 8–17.) Plaintiffs claim that Defendants violated (1) their right to equal protection of the laws under "the Fourth and Fourteenth Amendments" to the United States Constitution, and (2) Michigan Compiled Laws 764.15c and 776.22(1). (Dkt. 1 at 10.) All the claims appear to stem from one incident in which the Defendants allegedly failed to adequately investigate an incident of violence, specifically an assault in which "the cable guy" allegedly punched Plaintiff Daniel Bergeron. (Dkt. 1 at 13.)

Defendants removed the case to this Court on April 19, 2013, under 28 U.S.C. §1441 and 28 U.S.C. §1331. (Dkt 1.)

On August 21, 2013, the parties agreed to dismiss Defendants Fayling, Ferguson, and Seyfried, leaving only Defendants Allen and Cole. (Dkt. 9.) Defendants Allen and Cole have now moved to dismiss the complaint. (Dkt. 11.) Plaintiffs did not file a response to Defendants' motion to dismiss.

## II.   LEGAL STANDARD

A Rule 12(c) motion tests whether a legally sufficient claim has been pleaded, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c); *see Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a

3

cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed part of the pleadings).

## III.   ANALYSIS

Defendants have moved to dismiss the complaint, asserting both that it fails to state a claim on its face and that their conduct is protected by qualified immunity. (Dkt. 11 at 3–14.)

The Equal Protection Clause of the Fourteenth Amendment forbids a state from denying "to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To state an equal

protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

When a defendant raises a defense of qualified immunity, the plaintiff bears the burden of pleading facts that would be sufficient to show that the defendant is not entitled to its protection. *See Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Plaintiffs' complaint plainly fails to state a claim upon which relief can be granted. While the complaint invokes the Fourth Amendment to the Constitution, there is no allegation of any fact that could possibly be

5

a violation of that Amendment—there is no suggestion at all of an unreasonable search or seizure. *See* U.S. Const. amend. XIV, § 1. As to the Fourteenth Amendment, the factual allegations do not establish or support an Equal Protection claim, most notably because there is no allegation of disparate treatment—there is no suggestion whatsoever that Plaintiffs have been treated any differently from other similarly situated persons or that such disparate treatment either burdened a fundamental right, targeted a suspect class, or lacked any rational basis. As to the question of whether defendants are entitled to qualified immunity, there is no need to address this issue because the complaint does not adequately allege a constitutional violation.

Therefore, Count I must be dismissed for failure to state a claim upon which relief can be granted. In the absence of any viable federal claims, the Court declines to retain jurisdiction over the remaining state claim, 28 U.S.C. § 1367(c), and Count II is therefore also dismissed.[1]

---

[1] Plaintiffs sent a letter to the Court on May 5, 2014, which the Clerk's Office entered on the docket as Document 19, informing the Court that the Court's November 8, 2013 order requiring a response from Defendants "has not been followed to the best of our knowledge, as we have not received a response from either the honorable court nor the Defendants . . . ." (Dkt. 19.) The Court notes that the Defendants responded to the November 8, 2013 order on November 12, 2013. (Dkt. 18.) The Defendants' response was filed with the Court and docketed. Defendants also attested that they mailed a copy of the response to Plaintiffs. (Dkt. 18 at 4.)

## IV.   CONCLUSION

For the reasons set forth above, it is hereby ORDERED that the Defendants' motion to dismiss (Dkt. 11) is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE. It is FURTHER ORDERED that Plaintiffs' motion for discovery (Dkt. 10) is DENIED as moot.

SO ORDERED.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2014

### Certificate of Service

I hereby certify that this Order was served upon parties of record on May 30, 2014, via the CM/ECF system and/or ordinary mail.

By:  s/A. Chubb
Case Manager

---

Plaintiffs also submitted to the Court on May 5, 2014, an "addendum to the original complaint," which the Clerk's Office entered on the docket as Document 20. (Dkt. 20.) This addendum is untimely under the Federal Rules of Civil Procedure, but even if it were considered, it does not alter the Court's determination on the motion to dismiss.

7